NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50148 |
| Plaintiff - Appellee, | D.C. No. 2:13-cr-00607-SVW-1 |
| v. | |
| TARVUELL CLARK, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted July 2, 2015[**]

Before:  HUG, FARRIS, and CANBY, Circuit Judges.

Tarvuell Clark appeals from the district court's judgment and challenges the 46-month sentence imposed following his guilty-plea conviction for assault resulting in serious bodily injury, in violation of 18 U.S.C. § 113(a)(6).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Clark contends that the district court procedurally erred at sentencing by not explicitly addressing his arguments for why a lower sentence was appropriate, by relying on clearly erroneous facts, and by failing to consider mitigating factors. Because Clark did not object on these grounds below, we review for plain error. *See United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010); *United States v. Dallman*, 533 F.3d 755, 761-62 (9th Cir. 2008).

The record shows that the district court was aware of Clark's straightforward and uncomplicated arguments for a lower sentence and that the court provided reasons for the sentence, which was at the bottom of the Guidelines range. Thus, Clark has not shown that the district court failed to adequately address his arguments for a lower sentence and has not shown that there is a reasonable probability that the sentence would have been different absent the alleged error. *See Rita v. United States*, 551 U.S. 338, 356-59 (2007); *United States v. Carty*, 520 F.3d 984, 992, 995 (9th Cir. 2008) (en banc); *United States v. Carter*, 560 F.3d 1107, 1117-19 (9th Cir. 2009).

Clark contends that, at sentencing, the district court relied on clearly erroneous facts when it cited a government memorandum mischaracterizing Clark's assault as a surprise attack. However, Clark asserts no facts that would show that there was plain error.

Clark also argues that the district court failed to consider certain mitigating factors at sentencing. There is nothing in the record that indicates the court failed to consider any of the relevant facts or the § 3553(a) factors. The district court did not plainly err. *See Carty*, 520 F.3d at 992 (holding that the district court "need not tick off each of the § 3553(a) factors to show that it has considered them").

Clark next contends that his sentence is substantively unreasonable in light of mitigating factors and the need to avoid unwarranted sentencing disparities. The district court did not abuse its discretion in imposing Clark's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Gutierrez–Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009) ("The weight to be given the various factors in a particular case is for the discretion of the district court."). The 46-month sentence is substantively reasonable in light of all the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including but not limited to Clark's motives for committing the offense, the age of his prior offenses, and the need to avoid unwarranted sentencing disparities. *See Gall*, 552 U.S. at 51; *United States v. Treadwell*, 593 F.3d 990, 1011-12 (9th Cir. 2010).

Finally, Clark argues that the written judgment must be amended by deleting the condition of supervised release that he "submit to one drug test within 15 days of release from imprisonment and two periodic drug tests thereafter," because he

was not orally advised of the condition at sentencing. The imposition of this standard and mandatory condition of supervised release is deemed to be implicit in an oral sentence imposing supervised release, and therefore the condition was properly included in the written judgment. *See* 18 U.S.C. § 3583(d); U.S.S.G. § 5D1.3(a)(4); *United States v. Napier*, 463 F.3d 1040, 1042-43 (9th Cir. 2006).

**AFFIRMED**.